# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

FLOYD E. PERRY                                                                                  PLAINTIFF

v.                                       5:14CV00370-JM-JJV

JEFFERSON COUNTY JAIL; *et al.*                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Floyd Perry, an inmate confined at the W.C. "Dub" Brassell Adult Detention Center (Jail), filed this *pro se* action alleging inadequate dental care and inadequate conditions of confinement. (Doc. No. 2.) Plaintiff submitted an Amended Complaint naming Defendants Gregory Boldins, Tina Tyler, and Edward Adams (Doc. No. 6). Having reviewed the Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS

In his Complaint, Plaintiff alleged he was denied tooth extraction surgery while at the Jail, and has been required to sleep on the floor since September 6, 2014 (Doc. No. 2 at 4.) The Court noted in the November 18, 2014, Order that the only named Defendant, Jefferson County Jail, could not be sued in this § 1983 action, and provided Plaintiff the opportunity to submit an amended complaint to include: "(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; (4) how Plaintiff was harmed; and (5) if Plaintiff was incarcerated as a pretrial detainee at the time of the incidents." (Doc. No. 5 at 3.)

Plaintiff filed an Amended Complaint and alleges he has not receive adequate dental care which he requested on September 10, 2014, and he is detained in a cell where he must sleep on the floor with 26 to 36 other detainees. (Doc. No. 6 at 4.) He sues the three Defendants only in their official capacities, based on their positions as custodians of the Jail, because he believes they are aware of the detainee overcrowding, and they fail to comply with jail policies, rules and regulations. (*Id.* at 5.)

## III.   ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Since it appears Plaintiff is a pretrial detainee, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's

interest or safety...." *Wilson v. Seiter*, 501 U.S. 294, 298-9 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

After careful review of the Amended Complaint, the Court finds Plaintiff does not allege facts to support a constitutional claim based on inadequate dental care. He does not state from whom he requested help or how he has been harmed. In addition, his vague allegation that he has slept on the floor since September also does not support a constitutional claim for relief. "We have held that the Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding." *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). *See also Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995). Plaintiff does not claim he was not provided bedding and does not allege any specific involvement by the named Defendants. He also fails to allege any injury or adverse health consequences which would support a finding that Defendants disregarded an excessive risk to his health or safety. Finally, by suing Defendants in their official capacities, Plaintiff is essentially suing their employer, Jefferson County. *See Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Yet, he does not allege that Defendants acted pursuant to an unconstitutional county policy or procedure, or a widespread pattern of unconstitutional conduct. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998); *Jane Doe A v. Special School District of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990). Rather, he alleges Defendants have failed to follow Jail procedures and regulations.

Accordingly, the Court finds that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. If Plaintiff has additional information that would support his claims, he should provide it in his written objections.

**IV.      CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.      This cause of action be DISMISSED without prejudice for Plaintiff's failure to state a claim upon which relief may be granted.

2      This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 11th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.